IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:06-CR-70-BO
NO. 7:12-CV-167-BO

| | |
|---|---|
| CHRISTOPHER TAVAUGHN JACKSON, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion for reconsideration [DE 64]. For the reasons stated herein, petitioner's motion DENIED.

## BACKGROUND

Mr. Jackson was sentenced by this Court on February 6, 2007, to a term of 120 month's imprisonment following his plea of guilty to charges of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Mr. Jackson attempted to appeal his sentence, but was unsuccessful. Mr. Jackson filed a § 2255 motion to vacate his sentence that this Court denied on August 21, 2012. On September 16, 2013 petitioner filed a motion to reconsider his § 2255 motion in light of the Fourth Circuit's decision in *Miller v. United States*, ___ F.3d ___ 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

## DISCUSSION

Petitioner attempts to convince this Court that because the Fourth Circuit's *Miller* decision found that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2001), announced a new substantive rule that applies retroactively, petitioner's § 2255 motion should be reconsidered and

his sentence vacated. Although, petitioner's pro se motion does not discuss how *Miller* affects him other than to say it does, this Court will consider *Miller*'s impact. This Court previously denied petitioner's § 2255 motion on the grounds that *United States v. Powell*, 691, F.3d 554 (4th Cir. 2012), held that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) is procedural and is not retroactively applicable to cases on collateral review. However, *Miller* has not changed the law as it applies to petitioner. Therefore this Court denies petitioner's motion.

In *Miller*, the Fourth Circuit held that *Teague*'s bar on the retroactive application of new rules did not apply in Miller's case. WL 4441547 at *4. However, the court in *Miller* also held that *Powell* did not control its outcome because the government waived the statute of limitations as it applied to Miller. *Id.* at *5 ("To determine whether the Court had the power to hear the merits of Powell's claim it first had to determine whether Powell could get around the statute-of-limitations problem.") Section 2255(f)(3) provides for a one-year limitation that "shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been . . . made retroactively applicable to cases on collateral review." "Simply put, the Court had to determine whether *Carachuri* was retroactive to decide if the motion filed by Powell was timely." *Miller*, WL 4441547 at *5. Here, like in *Powell*, the government has not waived the statute of limitations under § 2255(f)(3). *Simmons* is not a Supreme Court case. Therefore petitioner's motion is untimely under § 2255(f)(3). *Miller* has not changed the law in this regard. Further, *Miller* does not change anything in petitioner's circumstances that would change the Court's earlier determination on the untimeliness of his § 2255 motion under § 2255(f)(4) or the principles of equitable tolling. Accordingly, petitioner's motion for reconsideration is denied.

2

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is DENIED.

SO ORDERED.

This the __day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3